04 mD 1603

A CERTIFIED TRUE COPY

APR 2 2 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. DISTRICT COURT
FILED
APR 2 3 2004

RELEASED FOR PUBLICATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 2 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 1603

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE OXYCONTIN ANTITRUST LITIGATION

> *Connecticut Citizen Action Group, et al. v. Purdue Pharma Co., et al.,* D. Connecticut, C.A. No. 3:04-15
> *Mark Klein v. Purdue Pharma Co., et al.,* D. Connecticut, C.A. No. 3:04-39
> *Pamela Krause v. P.F. Laboratories, Inc., et al.,* S.D. New York, C.A. No. 1:04-314

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation currently consists of two actions pending in the District of Connecticut and one action pending in the Southern District of New York.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiff in the Southern District of New York action for coordinated or consolidated proceedings of these actions in the Southern District of New York. Plaintiffs in the two District of Connecticut actions and numerous potential tag-along actions have responded in support of the motion for transfer.

Defendants The Purdue Pharma Company; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company; Purdue Pharmaceuticals L.P.; Pharmaceutical Research Associates, Inc.; The P.F. Laboratories, Inc.; and Euro-Celtique S.A. (collectively Purdue) oppose the motion and ask the Panel to deny the plaintiff's motion without prejudice. Purdue agrees that the actions should proceed in the Southern District of New York, but maintains that the transfers to that district should be

---

[1]    In addition to the three actions before the Panel, the parties have identified 41 related actions, 23 of which are pending in the Southern District of New York. The other eighteen actions are pending as follows: three actions in the Central District of California; two actions each in the District of Arizona, the Northern District of California, the District of Connecticut, the Northern District of Illinois, and the District of New Jersey; and one action each in the Southern District of Florida, the District of Kansas, the District of Massachusetts, the District of Minnesota, and the Western District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

made pursuant to 28 U.S.C. § 1404(a). Should the Panel grant the motion over Purdue's objections, then Purdue would support 1407 centralization in the Southern District of New York. Abbott Laboratories and Abbott Laboratories, Inc., which are named as defendants in several of the potential tag-along actions, and Aetna, Inc., and Humana, Inc., which are plaintiffs in one potential tag-along action in the Southern District of New York, join in Purdue's opposition to transfer under Section 1407 in favor of transfer under Section 1404. These parties also join in Purdue's request that the Panel select the Southern District of New York as the transferee district in the event the Panel orders transfer under Section 1407.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions are purported nationwide class actions brought against Purdue with allegations that the defendants violated federal antitrust laws by excluding generic competition for a Purdue drug through, among other things, the initiation of sham patent infringement litigation against a generic drug manufacturer. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Certain plaintiffs, in their support of the motion for transfer, prefer coordination rather than consolidation of the actions brought by direct purchasers with those brought by indirect purchasers. This concern should be addressed to the transferee judge to whose discretion we leave the manner and extent of coordination or consolidation of the pretrial proceedings.

The opposing parties suggest that transfer should be denied because transfer under Section 1404 is preferable to Section 1407 transfer. While we acknowledge that several of Purdue's motions to transfer venue have already been granted by various district courts, and applaud every cooperative effort undertaken by parties to any litigation, we note that the parties have identified nearly twenty additional related actions pending in eleven federal districts outside the Southern District of New York. Given that the number of related actions continues to grow, along with the potential need for additional motions to transfer venue, we find that transfer under Section 1407 is warranted. We observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

In concluding that the Southern District of New York is an appropriate forum for this docket, we note i) the agreement of all moving and responding parties, either primarily or alternatively, upon centralization there; ii) the pendency of the majority of actions and the related patent litigation in that district; iii) the presence of common defendant Purdue in the New York metropolitan area; and iv) the familiarity of the transferee judge, before whom most of the actions are already pending, with the complex issues involved in this litigation. Indeed, the transferee judge has already gained considerable experience with the issues present in this docket as a result of presiding over the patent infringement litigation upon which the MDL-1603 plaintiffs predicate their antitrust claims.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the District of Connecticut are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Sidney H. Stein for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman