UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :
OXYCONTIN ANTITRUST LITIGATION       :      04 MDL 1603 (SHS)
                                                             :
-------------------------------------------------------------x

## MULTIDISTRICT LITIGATION ORDER NO. 2

On Jan. 5, 2004, this Court issued an Opinion and Order holding that Endo Pharmaceuticals Inc. and Endo Pharmaceuticals Holdings Inc. ("Endo") had infringed Oxycontin patents owned by plaintiffs Purdue Pharma, L.P., the Purdue Frederick Company, the P.F. Laboratories, Inc. and the Purdue Pharma Company (collectively, "Purdue"), but that those patents were invalid due to Purdue's inequitable conduct in prosecuting them before the Patent and Trademark Office. Purdue Pharma L.P. v. Endo Pharms. Inc., No 00-Civ.-8029, 01-Civ.-2109, 01-Civ.-8177, 2004 WL 26523 (S.D.N.Y. Jan. 5, 2004). That Order was initially affirmed by the United States Court of Appeals for the Federal Circuit. Purdue Pharma L.P. v. Endo Pharms. Inc., 410 F.3d 690 (Fed. Cir. 2005). Following the affirmance, various plaintiffs filed lawsuits in this Court and around the country alleging that Purdue's conduct in procuring its Oxycontin patents violated federal and state antitrust laws. The Judicial Panel on Multidistrict Litigation established a Multidistrict Litigation ("MDL") in this Court for administration of those actions,[1] and the Court conducted an Initial MDL Conference on January 18, 2006 (the "Initial Conference") to coordinate their progress. Shortly after the Initial Conference,

---

[1] In addition to the various purchaser actions, actions coordinated in the MDL include Purdue Pharma, L.P., et al. v. Boehringer Ingelheim GmbH, et al., 99-Civ.-3658; Purdue Pharma, L.P., et al. v. Teva Pharmaceuticals USA Inc., et al., 01-Civ.-8507, 01-Civ.-11212, 01-Civ.-2312; Purdue Pharma, L.P., et al. v. Impax Laboratories, Inc., 02-Civ.-2803, 02-Civ.-7659, 02-Civ-8036 (collectively, the "Competitor Litigations").

the Federal Circuit withdrew its earlier affirmance and vacated this Court's holding that Purdue's Oxycontin patents were invalid, remanding the case to this Court for further proceedings consistent with its opinion. Purdue Pharma L.P. v. Endo Pharms. Inc., No. 04-1189, 04-1137, 04-1357, 2006 WL 231480 (Fed. Cir. Feb. 1, 2006). Purdue subsequently moved to stay the MDL proceedings based on the Federal Circuit's decision.

Based on both the Initial Case Management Conference and the Federal Circuit's decision, IT IS HEREBY ORDERED that:

1. Initial Motions for Stay: As determined at the Initial Conference, all motions to stay the actions coordinated under In re Oxycontin Antitrust Litigation, 04-MDL-1603, made by Purdue prior to the Initial Conference are denied.

2. Purdue's Motion for Stay dated February 9, 2006: As a result of the Federal Circuit's decision, Purdue has again moved to stay all activity in this multidistrict litigation pending the Court's determination of the patent claims in Endo on remand from the Federal Circuit. The Court has reviewed Purdue's submissions, as well as the numerous submissions filed in opposition to Purdue's motion, and hereby grants Purdue's Motion for Stay dated Feb. 9, 2006. Because disposition of the antitrust issues will be greatly impacted by the determination on remand of the validity of the underlying patent, the Court declines to entertain the antitrust claims at this time. The Federal Circuit's decision to vacate this Court's patent holding puts the Oxycontin litigation in essentially the same position it was in when the Court initially bifurcated the antitrust and patent claims; for the same reasons that bifurcation was appropriate then, a stay is appropriate now.

3. <u>Direct Purchasers Interim Class Counsel Motion</u>. As determined at the Initial Conference, Plaintiffs Louisiana Wholesale Drug Co. et al.'s Motion for Entry of Case Management Order No. 1 Applicable to Direct Purchaser Plaintiffs is granted only insofar as it seeks consolidation of all direct purchaser actions and appointment of Garwin, Gerstein & Fisher L.L.P., Berger & Montague, P.C. and Boies, Schiller & Flexner L.L.P. as direct purchaser interim co-lead class counsel. The motion is denied in all other respects.

4. <u>Indirect Purchasers Interim Class Counsel Motion</u>. As determined at the Initial Conference, Plaintiffs A.F. of L.-A.G.C. Building Trades Welfare Plan et al.'s Motion to Appoint Interim Class Counsel for End-Payor Plaintiffs and for Consolidation is granted. All end-payor class actions are hereby consolidated, and Lieff, Cabraser, Heimann & Bernstein L.L.LP., Hagens Berman Sobol Shapiro LLP, Miller Faucher and Cafferty, L.L.P., and Labaton Sucharow & Rudoff LLP are appointed indirect purchaser interim co-lead class counsel.

5. <u>Winthrop-University Hospital v. Purdue Pharma L.P., et al., No 04-Civ.-00957</u>. As determined at the Initial Conference, Winthrop shall be a separate case in the MDL. Winthrop's Motion to Appoint Interim Class Counsel dated Dec. 23, 2005 is denied.

6. <u>Balloveras v. The Purdue Pharma Company, et al., No. 04-Civ.-4039</u>. Balloveras's Motion for an Order Appointing the Firm of Harke & Clasby LLP as Interim Class Counsel dated Aug. 11, 2004 is denied.

7. <u>Consolidated Amended Complaints</u>. Direct Purchaser Class Counsel and Indirect Purchaser Class Counsel shall each file a Consolidated Amended Class Action Complaint covering their consolidated actions within 60 days after the stay imposed by this Order is

lifted. All individual direct and indirect purchaser class action complaints filed in the consolidated actions shall be deemed amended by those consolidated amended complaints. All other parties, including those in the Competitor Litigations, submitting amended complaints or counterclaims shall also do so by that date.

8. <u>Purdue Defendants' Motion to Dismiss</u>. Within 30 days after the filing of the consolidated amended complaints and counterclaims, the Purdue defendants shall file their response. If such response is a motion to dismiss, Purdue shall file a memorandum of law in support of no more than 50 pages. All plaintiffs' groups against whom Purdue files a motion to dismiss, including parties in the Competitor Litigations, shall file a joint opposition of no more than 50 pages within 45 days after service of the motion. Any individual plaintiff's group that wishes to file a separate memorandum of law at that time may do so, provided that any separate memoranda of law be no longer than 10 pages. Purdue may file a reply of no more than 20 pages within 14 days after receiving the opposition and memoranda of law.

9. <u>Remand Motions</u>. As determined at the Initial Conference, all pending motions to remand in any of the consolidated actions are hereby dismissed without prejudice. When the stay imposed by this Order is lifted, consolidated briefing on the remand issues shall proceed as follows:

   a.   *Consolidated Briefing.* Within 10 days of the filing of the indirect purchaser's consolidated amended complaint, all indirect purchaser class plaintiffs that do not join in that complaint and wish to seek a remand to state court shall submit one joint motion for remand of no more than 25 pages. Defendants shall file a response to that motion of no more than 25 pages, within

4

30 days after service of the motion. Plaintiffs may file one joint reply, with a memorandum of law in support of the reply of no more than 10 pages, within 14 days after receiving Defendants' response.

        *b.*    *Case-Specific Remand Issues.* To the extent any plaintiff believes its case presents remand issues not addressed in the consolidated memorandum of law in support of remand, it may file a separate memorandum of law on those issues, no longer than five pages, at the time of the filing of the consolidated motion for remand. Defendants may file a separate response to any such brief of no longer than five pages, within 21 days after service of such case specific memorandum. The individual plaintiffs may file a case-specific reply of no longer than three pages within 13 days after receiving defendants' response.

10.    Abbott Laboratories' Motions to Dismiss. At the Initial Conference, the Court determined that it would proceed to a disposition of the various motions to dismiss filed in this litigation by defendants Abbott Laboratories and Abbott Laboratories, Inc. In light of the Federal Circuit's decision vacating this Court's holding as to the validity of Purdue's patent and the stay imposed by this Order, however, it would be imprudent to dispose of those motions at this time. Therefore, the Court hereby dismisses without prejudice Abbott Laboratories and Abbott Laboratories, Inc.'s Motions to Dismiss in Balloveras, et al. v. The Purdue Pharma Company, et al., 04-Civ.-4039; Dennis Deutsch, et al. v. Purdue Pharma Company, et al., 05-Civ.-3827; Carolyn LeMaster, et al. v. Purdue Pharma Company, et al., 04-Civ.-5256; Robert Williams and Clifford Perry v. The Purdue Pharma Company, et al., 04-Civ.-7080; Ashley Kooman, et al. v. The Purdue Pharma Company, et al., 04-Civ.-5450; Roy Charles May, et al. v. The Purdue Pharma

5

Company, et al., 04-Civ.7119; Archie Pressley, et al. v. The Purdue Pharma Company, et al., 04-Civ.-7115; Danielle Chaballa, et al. v. The Purdue Pharma Co., et al., 05-Civ.-3500; and City of New York v. Purdue Pharma LP, et al., 04-Civ.-3499. The Court also dismisses without prejudice Abbott Laboratories' Consolidated Motion to Dismiss filed dated July 7, 2005 as to Arkansas Carpenters' Health & Welfare Fund, et al. v. Purdue Pharma LP, et al., 04-Civ.-0196; Painters District Council No. 30 Health and Welfare Fund, et al. v. Purdue Pharma LP, et al., 04-Civ.-2078; Paper, Allied-Industrial, Chemical and Energy Workers International Union, AFL-CIO, CLC, et al. v. Purdue Pharma LP, et al., 04-Civ.-0315; The County of Suffolk, New York, et al. v. Purdue Pharma LP, et al., 04-Civ.0651; Louisiana Health Service Indemnity Company d/b/a/ Blue Cross Blue Shield of Louisiana, et al. v. Purdue Pharma LP, et al., 04-Civ.-1212; United Federation of Teachers Welfare Fund, et al. v. Purdue Pharma LP, et al., 04-Civ.-1808; Leanne Whittle, et al. v. Purdue Pharma LP, et al., 04-Civ.-2089; Vista Healthplan, Inc. et al. v. Purdue Pharma LP, et al., 04-Civ.-2179; Local 1199 National Benefit Fund for Health and Human Services Employees, et al. v. Purdue Pharma LP, et al., 04-Civ.-3093. Abbott should refile its motions, if appropriate, when the stay imposed by this Order is lifted.

Dated: New York, New York
       March 30, 2006

SO ORDERED:

Sidney H. Stein, U.S.D.J.