USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/09

Exhibit 1(b)

# CONSENT JUDGMENT

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION | 04-MD-1603 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC. and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>Plaintiffs and Counterclaim Defendants,<br>v.<br><br>KV PHARMACEUTICAL COMPANY, and<br>ACTAVIS TOTOWA LLC,<br><br>Defendants and Counterclaim Plaintiffs,<br>v.<br><br>THE PURDUE FREDERICK COMPANY,<br>THE PURDUE PHARMA COMPANY, and<br>EUROCELTIQUE S.A.,<br><br>Counterclaim Defendants. | This document relates to:<br>Civil Action Nos.<br><br>07 CIV. 3972 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC. and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>Plaintiffs and Counterclaim Defendants,<br>v.<br><br>KV PHARMACEUTICAL COMPANY<br><br>Defendant and Counterclaim Plaintiff,<br>v.<br><br>THE PURDUE FREDERICK COMPANY,<br>THE PURDUE PHARMA COMPANY, and<br>EUROCELTIQUE S.A.,<br><br>Counterclaim Defendants. | 07 CIV. 3973 (SHS)<br><br>07 CIV. 4810 (SHS) |

KV Settlement Agr v15 6-9-09 - execution copy.DOC

CONSENT JUDGMENT
BETWEEN
PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC.,
PURDUE PHARMACEUTICALS L.P., THE PURDUE FREDERICK COMPANY,
THE PURDUE PHARMA COMPANY and
EURO-CELTIQUE S.A.
AND
KV PHARMACEUTICAL COMPANY

On consent of Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., The Purdue Frederick Company, The Purdue Pharma Company, Euro-Celtique S.A. and KV Pharmaceutical Company and as settlement of this action between and among those parties, PURDUE PHARMA L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431 (and which is also the successor-in-interest to THE PURDUE PHARMA COMPANY, a general partnership that was organized and existed under the laws of the State of Delaware, and which had a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431); THE P.F. LABORATORIES, INC., a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 700 Union Boulevard, Totowa, New Jersey 07512; PURDUE PHARMACEUTICALS L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, North Carolina 27893; THE PURDUE FREDERICK COMPANY INC. (identified as THE PURDUE FREDERICK COMPANY), a corporation organized and existing under the laws of the State of New York, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431; and EURO-CELTIQUE S.A., a corporation organized and existing under the laws of Luxembourg, having a place of business at 2, Avenue Charles de Gaulle, L-1653, Luxembourg (individually and collectively, "Purdue"); and KV PHARMACEUTICAL COMPANY, a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2503 South Hanley Road, St. Louis, Missouri 63144, and its Affiliates (collectively, "KV"), and Purdue and KV being sometimes referred to herein

individually as a "Party" and collectively as the "Parties", it is Ordered, Adjudged and Decreed as follows:

1. Terms used in this Consent Judgment and not otherwise defined shall have the meanings ascribed thereto in the Settlement Agreement, dated as of June 9, 2009, by and among Purdue and KV (the "Settlement Agreement").

2. Purdue's U.S. Patent No. 5,508,042 (the "'042 Patent") is infringed and each of the 5,226,331 Patent (the "'331 Patent"), 5,549,912 Patent (the "'912 Patent") and 5,656,295 Patent (the "'295 Patent") would have been infringed during their respective terms by (i) the filing of the KV ANDA seeking approval from the FDA and (ii) the KV Products made, used, sold or offered for sale, shipped, distributed or imported by KV. The '042 Patent is valid and enforceable and will be valid and enforceable in any future causes of action or litigation involving KV, its successors or assigns, including any other or future causes of action or litigation respecting different or future products and the '331 Patent, '912 Patent and '295 Patent were valid and enforceable during their respective terms.

3. Except as provided for or may be agreed to in writing by the Parties in the Settlement Documents, from and after June 9, 2009, KV, including any of its successors and assigns, and any of its or their respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with KV, are permanently enjoined from (a) infringing the '042 Patent, including making, having made, using, offering to sell, selling, shipping, distributing or importing KV Products, and (b) submitting or maintaining after the fifth (5th) day following the License Termination Date or the PLA Termination Date (in each case as defined in the Patent License Agreement), within the KV ANDA, a certification regarding the Purdue Patents under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4). In addition, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA approval of the KV ANDA shall not be earlier than the date of the expiration of the '042 Patent plus any period of exclusivity under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. sections 301, et seq., including any amendment thereof; provided, however, that the provisions of this paragraph shall not apply following the Terminal Date or as otherwise provided in the Settlement Agreement.

4. KV's Counterclaims set forth in each of Defendant KV Pharmaceutical Company's Answer And Counterclaims are dismissed with prejudice. Further, KV waives any possible antitrust or other claims against Purdue based on conduct or events that have occurred prior to the date of entry of this Consent Judgment relating to the Purdue U.S. Patent Family, as well as any compulsory counterclaims that were pleaded or that could have been pleaded in this Action.

5. Notwithstanding anything in this Consent Judgment to the contrary, but consistent with the proviso of this Section 5 and paragraph 20 of the Settlement Agreement, nothing set forth in this Consent Judgment shall be deemed to prevent KV from (i) making, having made, using, importing, selling or offering for sale any product which does not infringe the Purdue U.S. Patent Family or Foreign Patents and (ii) performing any act protected by 35 U.S.C. § 271(e)(1), provided, however, that nothing set forth in this Consent Judgment is intended to license or authorize KV to engage in any of the activities described above in this Section 5 or otherwise to make, have made, use, import, sell or offer for sale any product, in any case, unless specifically permitted and authorized by Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable, and Purdue reserves all of its rights to assert a claim of patent infringement for any of such activities and seek all remedies available to it at law or in equity with respect to such claim.

6. Except for the rights, agreements and covenants specifically granted pursuant to the Settlement Documents, no other right, written or oral license or sublicense, covenant not to sue, waiver or release or other written or oral authorization is or has been granted or implied by this Consent Judgment. No activity by KV with respect to the making, having made, using, offering to sell, selling, shipping, distributing or importing of any (a) KV Product or (b) any other pharmaceutical product or ingredient, shall constitute an authorized sale unless it is expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable; and no determination that any patent rights of the Purdue Companies in the '042 Patent or any other intellectual property have been terminated or exhausted may be based on any activity by KV whatsoever unless and solely to the extent that such activity relates to a sale of a KV Product expressly permitted and authorized

4
KV Settlement Agr v15 6-9-09 - execution copy.DOC

under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable.

7. Except as the Parties have heretofore expressly provided for in writing, by virtue of this Consent Judgment, all claims and demands for relief prayed for by Purdue in this action are deemed to be satisfied. The terms of the Purdue Patents having expired during the pendency of this action, Purdue, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, dismisses all claims and demands for relief as to those patents as well as to the '042 Patent.

8. In addition to remedies for contempt of this Consent Judgment which Purdue has, in the event of breach or violation by KV of the terms of this Consent Judgment, Purdue is entitled to specific performance, or a preliminary and permanent injunction against KV with respect to the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. The Parties agree that jurisdiction and venue for such an action exists in this District Court, and waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

9. This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed without costs or attorney fees, save that this District Court shall retain jurisdiction over this action, including over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action. A prevailing party shall be entitled to recover attorney fees in any such proceeding occurring after the entering of this Consent Judgment in which the case is found to be an exceptional one.

[remainder of this page intentionally left blank]

Civil Action No. 07 Civ. 03972 (SHS)
Civil Action No. 07 Civ. 03973 (SHS)
Civil Action No. 07 Civ. 04810 (SHS)

Consent Judgment Signature Page

By: _____   By: _____

Robert J. Goldman                      John F. Sweeney
Denise L. Loring                       Seth J. Atlas
ROPES & GRAY LLP                       LOCKE LORD BISSELL & LIDDELL
1211 Avenue of the Americas            3 World Financial Center
New York, NY 10036                     New York, New York 10281-2101
Tel: 212 596-9000                      Tel: 212 415-8600
Fax: 212 596-9090                      Fax: 212 303-2754

*Attorneys for Plaintiffs and*         *Attorneys for Defendant and*
*Counterclaim Defendants*              *Counterclaim Plaintiff*
  *Purdue Pharma L.P.,*                  *KV Pharmaceutical Company*
  *The P.F. Laboratories, Inc.,*
  *Purdue Pharmaceuticals L.P.*
  *The Purdue Pharma Company,*
  *The Purdue Frederick Company and*
  *Euro-Celtique S.A.*

SO ORDERED:

Dated: _____, 200__   _____
                                United States District Judge

Civil Action No. 07 Civ. 03972 (SHS)
Civil Action No. 07 Civ. 03973 (SHS)
Civil Action No. 07 Civ. 04810 (SHS)

Consent Judgment Signature Page

By: /s/ Denise L. Loring

Robert J. Goldman
Denise L. Loring
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Tel: 212 596-9000
Fax: 212 596-9090

*Attorneys for Plaintiffs and
Counterclaim Defendants*
  Purdue Pharma L.P.,
  The P.F. Laboratories, Inc.,
  Purdue Pharmaceuticals L.P.
  The Purdue Pharma Company,
  The Purdue Frederick Company and
  Euro-Celtique S.A.

By:_____

John F. Sweeney
Seth J. Atlas
LOCKE LORD BISSELL & LIDDELL
3 World Financial Center
New York, New York 10281-2101
Tel: 212 415-8600
Fax: 212 303-2754
*Attorneys for Defendant and
Counterclaim Plaintiff
  KV Pharmaceutical Company*

Dated: June 22, 2009

SO ORDERED: /s/
_____
United States District Judge