USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/11

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re: OXYCONTIN ANTITRUST LITIGATION   :
                                         :
                                         :
------------------------------------------------------------x

THIS DOCUMENT RELATES TO:                :
ALL DIRECT PURCHASER CLASS ACTIONS       :
------------------------------------------------------------x

*[handwritten:]* 04md 1603(SHS)

~~MDL Docket No. 1603 (SHS)~~ This document relates to:
04 Civ. 229 (SHS)    04 Civ. 4574(SHS)
04 Civ. 327 (SHS)
04 Civ. 494 (SHS)
04 Civ. 1014 (SHS)
04 Civ. 1354 (SHS)
04 Civ. 3890 (SHS)

~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT
BETWEEN DIRECT PURCHASER CLASS PLAINTIFFS AND DEFENDANTS
PURDUE PHARMA L.P. (INDIVIDUALLY, AND AS SUCCESSOR IN INTEREST TO
THE PURDUE PHARMA COMPANY), THE PURDUE FREDERICK COMPANY, THE
P.F. LABORATORIES, INC., PURDUE PHARMACEUTICALS L.P., AND PURDUE
PHARMA INC., AWARDING ATTORNEYS' FEES AND EXPENSES, AWARDING
REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS, APPROVING PLAN OF
ALLOCATION, AND ORDERING DISMISSAL AS TO ALL DEFENDANTS

        Pursuant to Rules 23(e) and 54(b) of the Federal Rules of Civil Procedure, and in

accordance with the terms of the settlement agreement (the "Settlement" or "Settlement

Agreement) between Direct Purchaser Class Plaintiffs and Purdue Pharma L.P. (individually, and

as successor in interest to The Purdue Pharma Company), The Purdue Frederick Company, The

P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., and Purdue Pharma Inc. (collectively

"Purdue" or "Defendants"), dated September 3, 2010, and upon Direct Purchaser Class

Plaintiffs' Motion for Final Approval of the Settlement and all memoranda and affidavits *[handwritten: and a hearing having been held in Courtroom 23A on January 14, 2011]*

submitted in support thereof, it is hereby: *[handwritten: pursuant to Fed R. Civ. P. 23(e) on the fairness, reasonableness and adequacy of the proposed settlement,]*

ORDERED, ADJUDGED AND DECREED that:

        1.      This Order and Final Judgment incorporates by reference the definitions in the

Settlement Agreement and all terms used herein shall have the same meanings set forth in the

Settlement Agreement. (D.E # 344-1). As set forth in the Preliminary Approval Order (D.E.

#349), dated September 27, 2010, the previously certified Class is defined as follows:

all persons and entities who have directly purchased OxyContin
from defendants Purdue Pharma L.P. (individually, and as
successor in interest to The Purdue Pharma Company), The Purdue
Frederick Company, The P.F. Laboratories, Inc., Purdue
Pharmaceuticals L.P., or Purdue Pharma Inc. (collectively
"Purdue" or "Defendants") from December 12, 1995 through
August 31, 2010 (the "Direct Purchaser Class" or "the Class").
Excluded from the Class are governmental entities, Defendants,
their respective parents, employees, subsidiaries and affiliates.
Also excluded from the class are non-class plaintiffs Walgreen
Co., Rite Aid Corp., CVS Pharmacy, Inc., Eckerd Corp., Maxi
Drug, Inc., Kroger Co., Albertson's Inc., Safeway Inc., Hy-Vee
Inc., American Sales Co., Inc., and NeighborCare, Inc., both for
the claims these entities are pursuing directly and for the claims
they are pursuing based upon assignments or partial assignments of
claims from members of the Class.

2.     This Court has jurisdiction over this Direct Purchaser Class Action and each of the

parties to the Settlement Agreement including all Class members.

3.     As set forth in more detail in the Settlement Agreement, Purdue has agreed to pay a

total of $16,000,000, plus accrued interest, to settle this Action.

4.     As required by this Court in its Preliminary Approval Order, notice of the proposed

settlement with Purdue was mailed by first-class mail to all members of the Class.   Such notice

to members of the Class is hereby determined to be fully in compliance with requirements of

Fed. R. Civ. P. 23(e) and due process and is found to be the best notice practicable under the

circumstances and to constitute due and sufficient notice to all entities entitled thereto.

5.     Due and adequate notice of the proceedings having been given to the Class and a

full opportunity having been offered to the Class to participate in the fairness hearing, it is

hereby determined that all Class Members are bound by this Order and Final Judgment.

6.     The settlement of this Direct Purchaser Class Action as to Purdue was not the

product of collusion between Direct Purchaser Plaintiffs and Defendants or their respective

counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good

2

faith between Class Counsel and Purdue's Counsel.

7.     The Court has held a hearing to consider the fairness, reasonableness and adequacy

of the proposed settlement, and has been advised that there have been no objections to the

settlement from any members of the Class, *and no objector appeared at the January 14, 2011 hearing.*

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby

finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds

that the Settlement is in all respects, fair, reasonable, adequate, and in the best interests of the

Class. The Court further approves the establishment of the Settlement Fund upon the terms and

conditions set forth in the Settlement Agreement. The Parties are hereby directed to carry out the

Settlement in accordance with its terms and provisions.

9.     The Court approves the Plan of Allocation of Settlement Proceeds as proposed by

Class Counsel. Berdon Claims Administration LLP, the firm retained by Class Counsel as the

claims administrator, will distribute the Direct Purchaser Settlement Funds to the Class on a *pro*

*rata* basis.

10.     All claims in the above-captioned action against Purdue are hereby dismissed

with prejudice, and without costs, with such dismissal subject only to compliance by the Parties

with the terms and conditions of the Settlement Agreement and this Order and Final Judgment,

over which the Court retains jurisdiction. All Released Claims (as defined in ¶ 11 below) of

Direct Purchaser Plaintiffs and the Direct Purchaser Class in the above-captioned Action are

released and dismissed with prejudice, and, except as provided for in the Settlement Agreement,

without costs.

11.     (a)     Upon the Settlement becoming final in accordance with Paragraph 5 of the

Settlement Agreement, the Direct Purchaser Class Plaintiffs and all members of the Direct

3

Purchaser Class who have not timely excluded themselves from the Direct Purchaser Class Action,[1] on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, successors, and assigns, hereby release and forever discharge, and covenant not to sue, or to authorize anyone to sue on their behalf, or to support anyone financially or administratively in suing, or to prosecute any pending or previously filed suit against the "Released Parties" defined as:

      i.    any and all of the Purdue Defendants[2], and their present, former, and future officers, directors, trustees, employees, attorneys, affiliates, associated companies, general or limited partners, heirs, executors, administrators, representatives, distributors, agents, insurers, successors and assigns, or

      ii.    any and all of the Abbott Defendants,[3] and their present, former, and future officers, directors, trustees, employees, attorneys, affiliates, general or limited partners, heirs, executors, administrators, representatives, distributors, agents, insurers, successors and assigns,

with respect to any and all past, present, or future liabilities, claims, demands, obligations, suits, damages, levies, executions, judgments, debts, charges, actions, or causes of action, at law or in equity, arising under the Sherman Act, 15 U.S.C. §§ 1 & 2, *et seq.*, or any other federal or state statute or common law antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, or civil conspiracy law, both direct and indirect, relating to or arising from their purchases of OxyContin or any generic version of

---

[1]    As used throughout this paragraph 11, references to the "Direct Purchaser Class," "members of the Direct Purchaser Class" or "Direct Purchaser Class members" include any of their respective past, present or future officers, directors, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, affiliates, subsidiaries, partners, heirs, executors, administrators, predecessors, successors and assigns, acting in their capacity as such.

[2]    The Purdue Defendants are Purdue Pharma L.P. (individually, and as successor in interest to The Purdue Pharma Company), The Purdue Frederick Company, The P.F. Laboratories, Inc., Purdue Pharmaceuticals L.P., and Purdue Pharma Inc.

[3]    The "Abbott Defendants" are Abbott Laboratories and Abbott Laboratories, Inc., and are collectively referred to herein as "Abbott."

OxyContin, that arise out of, or result from, or that subsequently arise out of or result from any and all policies, practices or conduct alleged or asserted in the Direct Purchaser Class Action or that could have been alleged or asserted in the Direct Purchaser Class Action, or any and all policies, practices or conduct that are comparable to or a continuation of any policies, practices or conduct alleged or asserted in the Direct Purchaser Class Action, involving or relating to or arising from Purdue's acquisition or enforcement of the Patents,[4] Purdue's conduct in seeking government action with respect to the Patents or oxycodone products, or Purdue's conduct in listing the Patents in the FDA Orange Book, including but not limited to:

A.     Purdue's settlement of patent litigation regarding the Patents;

B.     Purdue's or Abbott's past development, sale or marketing of OxyContin;[5]

C.     Any and all policies, practices or conduct that were (i) alleged or asserted in the Direct Purchaser Class Action or (ii) that could have been alleged or asserted in the Direct Purchaser Class Action, whether known or unknown; or

D.     Any claims or causes of action that were (i) alleged or asserted in the Direct Purchaser Class Action or (ii) that could have been alleged or asserted in the Direct Purchaser Class Action, whether known or unknown

(the "Released Claims").

(b)     Direct Purchaser Class Plaintiffs and all members of the Direct Purchaser Class who have not timely excluded themselves from the Direct Purchaser Class, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, successors, and assigns, stipulate to dismissal of the Complaint, and covenant not to oppose dismissal with prejudice of any suit or claim that they have asserted or may assert, or that may be asserted on their behalf, against any and all of the Purdue Defendants, the Abbott Defendants, or

---

[4]     The Patents are defined as Patent Nos. 5,549,912, issued August 27, 1996, 5,508,042, issued April 16, 1996, and 5,656,295, issued August 12, 1997.

[5]     "OxyContin" is any pharmaceutical product or formulation sold under the OxyContin® name.

any of the present, former, and future officers, directors, trustees, employees, attorneys, affiliates, associated companies, general or limited partners, heirs, executors, administrators, representatives, distributors, agents, insurers, successors, and assigns of either the Purdue Defendants or Abbott Defendants, with respect to any of the Released Claims.

(c) In addition, each Direct Purchaser Class member hereby expressly waives and releases, upon the Settlement Agreement becoming final, any and all provisions, rights, and/or benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his settlement with the debtor;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Direct Purchaser Class member may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Paragraph 11, but each Direct Purchaser Class member hereby expressly waives and fully, finally and forever settles and releases, upon this Settlement Agreement becoming final, in accordance with Paragraph 11 hereof, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of this Paragraph 11, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Each Direct Purchaser Class member also hereby expressly waives and fully, finally and forever settles and releases any and all claims it may have against Defendants under § 17200, *et seq.*, of the California Business and Professions Code, which claims are expressly incorporated into this Paragraph 11.

(d) Notwithstanding the above, the Direct Purchaser Class members and Defendants

6

expressly agree that this Settlement and release only releases the Released Parties that such Direct Purchaser Class members have released pursuant to this Paragraph 11, and the parties do not intend this Settlement Agreement, any part hereof or any other aspect of the proposed Settlement or release, to release or otherwise affect in any way any rights a Direct Purchaser Class member has or may have against any other party or entity whatsoever other than the Released Parties with respect to the Released Claims pursuant to this Paragraph 11. In addition, the releases set forth in this Paragraph 11 shall not release any claims arising in the ordinary course of business between Direct Purchaser Class members and the Released Parties concerning product liability, breach of contract, breach of warranty, or personal injury, unless any such claims relate to or arise out of the conduct described in Paragraph 11 (a).

12.    All Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

13.    Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3), 54(d) and 52(a) of the Federal Rules of Civil Procedure, this Court makes the following findings of fact and conclusions of law:

a.    that the Settlement confers a substantial benefit on the Direct Purchaser Class;

b.    that the value conferred on the Direct Purchaser Class is immediate and readily quantifiable, in that, upon this Judgment's becoming final, each Direct Purchaser Class member who duly submitted and executed a Claim Form will receive a cash payment that represents a portion of the total overcharge allegedly incurred as a result of the conduct

7

challenged in this lawsuit;

        c.    that Class Counsel effectively pursued the claims on behalf of the members of the Direct Purchaser Class before this Court in this complex case, and reasonably expended 10,174.26 hours in so doing, resulting in a lodestar of $5,229,541.15 at the normal and customary hourly rates of these law firms, which was expended with no guarantee it would be compensated;

        d.    that the Settlement was obtained as a direct result of Class Counsel's skillful advocacy;

        e.    that the Settlement was negotiated in good-faith and in the absence of collusion;

        f.    that during the prosecution of this Class Action, Class Counsel incurred expenses in the amount of $182,934.65, which I find were reasonable and necessary to the representation of the Direct Purchaser Class and the prosecution of this lawsuit, and for which Class Counsel had no guarantee of reimbursement;

        g.    that Direct Purchaser Class members were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to 33-1/3% of the gross Settlement Fund (including the interest accrued thereon) created by the Settlement, plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

        h.    that Class Counsel did, in fact, move for an award of attorneys' fees in the amount of 33-1/3% of the gross Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since November 29, 2010;

*sophisticated SHS*

i.     that no member of the Class, which is composed of hundreds of business *settlement on the* *SHS*

entities, has objected to the/award of attorneys' fees or expenses sought by Class Counsel, and

certain members of the Class, including the three Class Members with the largest overall stakes

in the proceeds of the Settlement, have affirmatively expressed their support for both settlements

and the requested attorneys' fees and costs;

j.     that counsel who recover a common fund for the benefit of persons other

than themselves or their clients are entitled to a reasonable attorneys' fee from the fund as a

whole. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 886,

900 n.16 (1984);

k.     that the requested 33-1/3% fee award is well within the applicable range of

reasonable percentage fund awards, and results in effectively no multiplier, *and the Court has* *SHS*
*analyzed the request both as a percentage of the fund and on a lodestar basis,*

Accordingly, Direct Purchaser Plaintiffs' Class Counsel are hereby awarded attorneys' *on that amount from September 27, 2010, the date of the Court's*

fees in the amount of 33⅓ % of the gross Settlement Fund plus interest through this date, or a *SHS*
*preliminary approval of the settlement through this date at the same net interest rate earned by the Settlement*
total fee award of $_____. The Court finds this award to be fair and reasonable. *Fund*

Further, Direct Purchaser Plaintiffs' Class Counsel are hereby awarded $ 182,934.65 out of *SHS*

the Settlement Fund to reimburse their expenses incurred in the prosecution of this lawsuit,

which the Court finds to be fair and reasonable, and which amount shall be paid to Direct

Purchaser Class Counsel from the Settlement Fund in accordance with the terms of the

Settlement Agreement.  Co-Lead Counsel shall allocate the fees and expenses among all of the

Class Counsel.

14.    Neither this Order and Final Judgment, the Settlement Agreement, nor any of its

terms or the negotiations or papers related thereto shall constitute evidence or an admission by

any party or Releasee, that any acts of wrongdoing have been committed, and they shall not be

9

deemed to create any inference that there is any liability therefore. Neither this Order and Final Judgment, the Settlement Agreement, nor any of the terms or negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreement.

15.     Without affecting the finality of this judgment, the Court retains exclusive jurisdiction over the Settlement Agreement, including the administration and consummation of the Settlement Agreement, the Plan of Allocation, and in order to determine any issues relating to attorneys' fees and expenses and any distribution to members of the Class. In addition, without affecting the finality of this judgment, Defendants and each member of the Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York, for any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including, without limitation any suit, action, proceeding or dispute relating to the release provisions therein.

16.     The Class Representatives Louisiana Wholesale Drug Co., Inc., and Rochester Drug Co-operative, Inc. are each hereby awarded $ *10,000* out of the Settlement Fund, for representing the Direct Purchaser Class, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. In addition, Named Plaintiffs Meijer, Inc. and Meijer Distribution, Inc.; Care Pharmacies, Inc.; Valley Wholesale Drug Co., Inc.; and SAJ Distributors, Inc. are each hereby awarded $ *10,000* out of the Settlement Fund, which amount is in addition to whatever monies these plaintiffs will receive from the Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be

10

fair and reasonable.

17.    In the event the Settlement does not become final in accordance with paragraph 5 of the Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18.    The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Direct Purchaser Plaintiffs and the Direct Purchaser Class against all Defendants in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Direct Purchaser Class members.

SO ORDERED this the 25 day of January , 2011.

Hon. Sidney H. Stein
United States District Judge
New York, New York

11