```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
In re: OXYCONTIN ANTITRUST LITIGATION :
: 04-MD-1603 (SHS)
------------------------------------------------------------x
COMMONWEALTH OF KENTUCKY, :
EX REL. JACK CONWAY, ATTORNEY : This document relates to:
GENERAL, and PIKE COUNTY, :
: 08 Civ. 3380 (SHS)
             Plaintiffs, :
: OPINION & ORDER
    -against- :
:
PURDUE PHARMA, L.P., PURDUE PHARMA, :
INC., THE PURDUE PHARMA FREDERICK :
COMPANY, INC., D/B/A THE PURDUE :
FREDERICK COMPANY, PURDUE :
PHARMACEUTICALS, L.P., P.F. :
LABORATORIES, INC., ABBOTT :
LABORATORIES, and ABBOTT :
LABORATORIES, INC., :
:
             Defendants. :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

On September 26, 2011, this Court remanded this matter to the Pike County, Kentucky, Circuit Court for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). (Order & Opn., Dkt. No. 41.) The following day, September 27, 2011, at 12:19pm, the Clerk of Court mailed certified copies of the docket entries, including the remand order, to the Kentucky state court. (*See* Dkt. Entry dated Sept. 26, 2011 ("CASE REMANDED OUT").) Later that afternoon, at 4:23pm, defendants moved to stay the remand order pending appeal to the U.S. Court of Appeals for the Second Circuit.[1] (Mot.

---

[1] The motion to stay was originally filed at 4:03pm, but was rejected by the Clerk of Court (or her computer doppelganger) because it did not comply with the relevant electronic case filing requirements.

to Stay, Dkt. No. 43.) Because the case has been remanded and mailed to the Kentucky state court, this Court is without jurisdiction to decide defendants' motion to stay.

The Second Circuit's decision in *Shapiro v. Logistec USA, Inc.* is directly on point. 412 F.3d 307 (2d Cir. 2005). Section 1447(d) of Title 28 of the U.S. Code "establishes that once a section 1447(c) remand order has been mailed to the state court pursuant to the latter section, federal jurisdiction is at an end." 412 F.3d at 312. In other words, "[s]ection 1447(d) divests the district court of jurisdiction upon mailing of a remand order *based on section 1447(c) grounds* to state court." *Id.* (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001); *Seedman v. U.S. Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam)). Here, a remand order pursuant to section 1447(c) has been sent to the Pike County Circuit Court and this Court therefore lacks jurisdiction over the case.

Defendants contend that section 1447(d) is inapplicable to this case pursuant to a statute granting limited appellate jurisdiction over class actions. *See* Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453(c). Section 1447(d) generally applies to CAFA class actions "except that notwithstanding section 1447(d), a court *of appeals* may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed" if timely application is made. § 1453(c)(1) (emphasis added). Defendants contend here that section 1447(d)—and thus the rule stated in *Shapiro*—cannot terminate this Court's jurisdiction for as long as defendants might succeed at the Second Circuit in their attempt to vacate the remand order.

---

(Dkt. No. 42.) The twenty-minute difference between 4:03pm and 4:23pm does not alter this Court's analysis.

2

As an initial matter, this Court has determined that this case is not a class action subject to CAFA. (Order & Opn. dated Sept. 26, 2011, Dkt. No. 41 at 14-20.) Moreover, CAFA's limited grant of discretionary appellate court jurisdiction does not affect a district court's jurisdiction after remand pursuant to section 1447(c). Defendants mistakenly rely on *Estate of Pew v. Cardarelli* for the contrary proposition. *See* 527 F.3d 25 (2d Cir. 2008). There, the Second Circuit found *appellate* jurisdiction pursuant to CAFA's exception to section 1447(d) for appellate review. 527 F.3d at 29. After determining that it had the authority to accept the appeal, the court reviewed the district court's remand order and reversed it, finding CAFA subject matter jurisdiction and remanding to the district court. *Id.* at 33. But the court did not address the question this Court must answer here: whether a *district court* has jurisdiction between the mailing of a section 1447(c) remand order and an appellate court's potential reversal of that order. In this case, once the Clerk of Court mailed a certified copy of the remand order to the state court, this Court was without authority to act on a motion in the case. *Shapiro*, 412 F.3d at 312.

Accordingly, because this Court lacks subject matter jurisdiction over the action, defendants' motion to stay the remand order is dismissed for lack of jurisdiction.

Dated: New York, New York
October 6, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

3