```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9|24|13
```

## CONSENT JUDGMENT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:
OXYCONTIN ANTITRUST LITIGATION

04-md-1603 (SHS)

PURDUE PHARMA L.P. and GRUNENTHAL GmbH,

     Plaintiffs and Counterclaim Defendants,

v.

PAR PHARMACEUTICAL, INC.,

     Defendant and Counterclaim Plaintiff.

This document relates to:

C.A. No. 12-civ-5615 (SHS)

## CONSENT JUDGMENT
## BETWEEN
## PURDUE PHARMA L.P., GRUNENTHAL GMBH, AND PAR PHARMACEUTICAL, INC.

On consent of Purdue Pharma L.P., Grunenthal GmbH and Par Pharmaceutical, Inc., and as settlement of this action between and among those parties, PURDUE PHARMA L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901, GRUNENTHAL GMBH, a company organized and existing pursuant to the laws of the Federal Republic of Germany, with its registered office at Zieglerstraβe 6, 52078 Aachen, Federal Republic of Germany ("**Grunenthal**" and, together with Purdue, the "**Plaintiffs**"), and PAR PHARMACEUTICAL, INC., a corporation organized and existing under the laws of the State of Delaware, having a place of business at One Ram Ridge Road, Spring Valley, NY 10977 ("**Par**") (the Plaintiffs and Par being sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**"), it is Ordered, Adjudged and Decreed as follows:

1.      Terms used in this Consent Judgment and not otherwise defined shall have the meanings ascribed thereto in the Settlement Agreement, dated as of September 20, 2013, by and among Purdue and Par (the "**Settlement Agreement**").

2.      U.S. Patent No. 8,114,383  (the "**'383 Patent**") is valid and enforceable with respect to the Existing ANDA and the products described therein.  The Existing ANDA and products described therein infringe the '383 Patent.  Nothing contained in this paragraph 2 shall be deemed to confer any rights on any party other than the Parties and their Affiliates.

3.      Unless otherwise expressly permitted pursuant to the terms of the Settlement Agreement, Par agrees that it will not market, sell, distribute, participate in the profits of or indemnify others for infringement with respect to any product described in the Existing ANDA until the CR Terminal Date.

4.      Except as provided for or may be agreed to in writing by the Parties in the Settlement Documents, from and after September 20, 2013, Par, including any of its successors and assigns, and any of its or their respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with Par, are enjoined from infringing the '383 Patent with respect to the CR Par Products; provided, however, that the provisions of this paragraph shall not apply following the CR Terminal Date or as otherwise provided in the Settlement Agreement.

5.      This action is hereby dismissed with prejudice with respect to the Existing ANDA.  Par waives any possible antitrust or other claims against the Plaintiffs based on conduct or events that have occurred prior to the date of entry of this Consent Judgment relating to the '383 Patent, as well as any claims or counterclaims that could have been pleaded in Civil Action No. 12-civ-5615 (SHS).

6.      Notwithstanding anything in this Consent Judgment to the contrary, but consistent with paragraph 2 of this Consent Judgment, the proviso of this paragraph 6 and paragraph 20 of the Settlement Agreement, nothing set forth in this Consent Judgment shall be deemed to prevent Par from (i) making, having made, using, importing, selling or offering for sale any product which does not

2

infringe the '383 Patent and (ii) performing any act protected by 35 U.S.C. § 271(e)(1), provided, however, that nothing set forth in this Consent Judgment is intended to license or authorize Par to engage in any of the activities described above in this paragraph 6 or otherwise to make, have made, use, import, sell or offer for sale any product, in any case, unless specifically permitted and authorized by Section 1 of the CR Patent License Agreement between Purdue and Par, or Section 2.1 of the Distribution and Supply Agreement between Purdue and Par, as applicable, and the Plaintiffs reserve all of their respective rights to assert a claim of patent infringement for any of such activities and seek all remedies available to it at law or in equity with respect to such claim.

7.      Except for the rights, agreements and covenants specifically granted pursuant to the Settlement Documents, no other right, written or oral license or sublicense, covenant not to sue, waiver or release or other written or oral authorization is or has been granted or implied by this Consent Judgment. No activity by Par with respect to the making, having made, using, offering to sell, selling, shipping, distributing or importing of any (a) CR Par Product or (b) any other pharmaceutical product or ingredient, shall constitute an authorized sale unless it is expressly permitted and authorized under Section 1 of the CR Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable; and no determination that any patent rights of the Plaintiffs in the '383 Patent or any other intellectual property have been terminated or exhausted may be based on any activity by Par whatsoever unless and solely to the extent that such activity relates to a sale of CR Par Products expressly permitted and authorized under Section 1 of the CR Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable.

8.      On August 23, 2013, this District Court issued a Claim Construction Opinion and Order in this action and in other related cases that are part of a multi-party, multidistrict, litigation titled, *In re OxyContin Antitrust Litigation*, MDL No. 04-md-1603 (SHS). The Claim Construction Opinion and Order is vacated with respect to the action that is the subject of this Consent Judgment only, but remains in full force and effect with respect to the remaining pending cases in which the Claim Construction Opinion and Order were entered.

3

9.      Except as the Parties have heretofore expressly provided for in writing, by virtue of this Consent Judgment, all claims and demands for relief prayed for by the Plaintiffs and Par in this action are deemed to be satisfied.

10.     Subject to the provisions of the Settlement Documents, in addition to remedies for contempt of this Consent Judgment which the Plaintiffs or Par, as the case may be, has, in the event of breach or violation by the other party of the terms of this Consent Judgment, the non-breaching party is entitled to appropriate injunctive relief against the breaching party with respect to the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. The Parties agree that jurisdiction and venue for such an action exists in this District Court, and waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

11.     This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and this action is hereby dismissed without costs or attorney's fees, save that this District Court shall retain jurisdiction over this action, including without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of this action. A prevailing party shall be entitled to recover attorneys' fees in any such proceeding occurring after the entering of this Consent Judgment in which the case is found to be an exceptional one.

[remainder of this page intentionally left blank]

Civil Action No. 12-civ-5615 (SHS)

Consent Judgment Signature Page

By: _____    By: _____

Pablo D. Hendler                 Terrence Connolly
Sona De                          LATHAM & WATKINS LLP
ROPES & GRAY LLP                 885 Third Avenue
1211 Avenue of the Americas      New York, NY 10022
New York, NY 10036               212-906-1853
212 596-9000

                                 Kenneth Schuler
Robert J. Goldman                LATHAM & WATKINS LLP
ROPES & GRAY LLP                 233 South Wacker Drive, Suite 5800
1900 University Avenue, 6th Floor Chicago, IL 60606
East Palo Alto, CA 94303         312-876-7700
650-617-4000

*Attorneys for Plaintiff and Counterclaim Defendant*
  *Purdue Pharma L.P.*           *Attorneys for Defendant and Counterclaim*
                                 *Plaintiff*
                                   *Par Pharmaceutical, Inc.*
Stephen D. Hoffman
WILK AUSLANDER LLP
1515 Broadway, 43rd Floor
New York, NY 10036
212-981-2309

Joann M. Neth
Basil J. Lewris
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
202-408-4000

Anthony C. Tridico
Avenue Louise 326, Box 37
Brussels, Belgium B-1050
011 32 2 646 03 53

*Attorneys for Plaintiff and Counterclaim Defendant*
  *Grunenthal GmbH*

                                 SO ORDERED:

Dated: September 24, 2013        _____
                                 United States District Judge

5