# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>OXYCONTIN ANTITRUST LITIGATION | 04-md-1603 (SHS)<br><br>This document relates to the following cases: |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC.,<br>PURDUE PHARMACEUTICALS L.P.,<br>and RHODES TECHNOLOGIES,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>            v.<br><br>MYLAN PHARMACEUTICALS INC.<br>and MYLAN INC.,<br><br>    Defendants/Counterclaim Plaintiffs. | Case No. 12-cv-2959 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC.,<br>PURDUE PHARMACEUTICALS L.P.,<br>and RHODES TECHNOLOGIES,<br><br>    Plaintiffs,<br><br>            v.<br><br>EPIC PHARMA, LLC,<br><br>    Defendant. | Case No. 13-cv-0683 (SHS)<br><br><br><br><br><br>(Captions continued on next page) |

**JOINT MEMORANDUM ON THE STATUS OF FACT DISCOVERY**

| | |
|---|---|
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC.,<br>and PURDUE PHARMACEUTICALS L.P.,<br><br>　　　Plaintiffs/Counterclaim Defendants,<br><br>　　　　　　v.<br><br>AMNEAL PHARMACEUTICALS, LLC,<br><br>　　　Defendant/Counterclaim Plaintiff. | Case No. 13-cv-3372 (SHS) |
| PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC.,<br>PURDUE PHARMACEUTICALS L.P.,<br>and GRÜNENTHAL GMBH,<br><br>　　　Plaintiffs/Counterclaim Defendants,<br><br>　　　　　　v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>　　　Defendant/Counterclaim Plaintiff. | Case No. 13-cv-4606 (SHS) |

I.  **INTRODUCTION**

Pursuant to the Court's November 12, 2013 Order (D.I. 623), as modified by the Court's December 9, 2013 Order (D.I. 628), the parties submit this joint memorandum on the status of fact discovery in these cases.[1]

II.  **DEPOSITIONS**

A.  **Witnesses Associated with Plaintiffs**

With the exception of two third-party witnesses who are former Purdue employees, the depositions of all of Purdue's witnesses have been completed by the close of fact discovery on January 8, 2014. By agreement of Purdue, Teva and Amneal, Dr. Curtis Wright's deposition will proceed on January 15, 2014 in Boston, and Dr. Christopher Breder's deposition will proceed on February 28, 2014 in Bethesda, MD. Purdue, Teva, and Amneal agreed to forgo the depositions of certain Purdue witnesses, and Purdue agreed not to call these deferred witnesses to testify at trial beyond offering their prior deposition testimony from the related litigation, if any, by designation.[2] If, at a later time, Purdue decides to call any of its deferred witnesses at trial, Purdue will provide those witnesses for deposition at a reasonable time before trial.

By agreement of Grünenthal and Teva, Grünenthal's witnesses, including former Grünenthal employees, will be completed in January 2014. Dr. Bartholomäus's (former employee) deposition will proceed on January 10, 2014 in London, Mr. Kugelmann's deposition will proceed on January 16, 2014 in Washington D.C., and Dr. Arkenau-Marić's (former employee) deposition will proceed on January 30, 2014 in London.

---

[1]   On January 6, 2014, counsel for Purdue, Sandoz, and Grünenthal informed the Court that the parties in Case No. 13-cv-7776 plan to settle. On January 8, 2014, that case was dismissed.

[2]   The parties agreed to forgo the depositions of Paul Coplan, Craig Landau, William McKenna, and Anthony Roncalli.

1

### B. Witnesses Associated with Defendants

Purdue and Amneal reached an agreement to forgo the depositions of Amneal's witnesses, and Amneal will not call these witnesses to testify at trial beyond offering their prior deposition testimony from the related litigation by designation.[3] If, at a later time, Amneal decides to call any of its witnesses at trial, Amneal will provide those witnesses for deposition at a reasonable time before trial.

Depositions of Epic's witnesses have occurred, but, during a meet and confer on January 6, 2014, Epic informed Purdue that it plans to produce documents relating to its oxycodone HCL API, made by a manufacturing process that Epic alleges is different from that litigated in the related litigation, by January 10, 2014. On January 8, 2014, Epic informed Purdue that the production might not occur until the following week. Purdue had requested that Epic produce these documents on November 5 and December 17, 2013. Epic and Purdue agreed that an additional deposition of an Epic witness may be necessary in light of any newly produced documents and would work together to expeditiously get such deposition scheduled in the event it is necessary.

Depositions of Mylan's witnesses have been completed by the close of fact discovery on January 8, 2014.

#### 1. Defendant Teva's statement regarding status of discovery from Teva

Teva initially agreed to provide Plaintiffs with at least one witness to testify about the new documents produced by Teva. Subsequently, Teva reviewed those documents and does not believe that additional testimony regarding those documents is necessary. As a compromise, Teva made the same offer that Plaintiffs accepted from Amneal, but that was insufficient to

---

[3] Purdue and Amneal agreed to forgo the depositions of Rasik Bhatt, Candis Edwards, Anita Kumar, and Narasimhan Mani.

2

resolve the issue. Today, Teva offered to stipulate to the authenticity and admissibility of those documents, as well as respond to interrogatories regarding those documents, but Plaintiffs still insist on taking at least one deposition. When Teva asked what Plaintiffs intended to cover with the new documents, Plaintiffs refused to provide any details. Plaintiffs agreed to forgo the depositions of Amit Kokate and Yi Luo. Plaintiffs also agreed to forgo the deposition of Jean Zwicker pending confirmation that she was not involved in work on Teva's ANDA since her last deposition. Counsel is currently working with Teva to confirm her involvement. Teva generally objected to Plaintiffs' Rule 30(b)(6) notice, and has not yet provided any witnesses. By agreement, the parties will revisit the need for depositions of any additional Teva witnesses on a rolling basis. Teva did not understand that agreement to apply to the depositions of Amit Kokate and Yi Luo.

### 2. Plaintiffs' statement regarding status of discovery from Teva

No Teva witness has been deposed in the current action. On November 15, 2013, Plaintiffs served on Teva both a 30(b)(6) deposition notice and individual deposition notices. On December 3, 2013, Teva sent a letter to Plaintiffs stating that Teva's witnesses had no additional information to provide. In light of documents recently produced by Teva, Plaintiffs disagree. In a December 19, 2013 meet and confer, Teva agreed to provide Plaintiffs with at least one witness to testify about the new documents produced by Teva, and Plaintiffs and Teva agreed to do their best to schedule the depositions of Teva's witnesses prior to the close of fact discovery today. In addition, the following representations were made during the meet and confer:

1) Teva informed Plaintiffs that Teva was currently preparing objections and responses to Plaintiffs' 30(b)(6) notice and Teva would serve Plaintiffs soon.

2) Teva stated that Ms. Jean Zwicker no longer works in Teva's Regulatory department and has not done so for some time, but that Teva would confirm that Ms. Zwicker has not

performed any additional work related to ANDA No. 202455 or Teva's Tablets that are the subject of that ANDA and would inform Plaintiffs if that was the case. If in fact Ms. Zwicker has not performed the aforementioned work, Plaintiffs will agree to forgo Ms. Zwicker's deposition provided that Teva stipulates that it will not call Ms. Zwicker at trial beyond designating testimony from her deposition in the 2011-2012 action.

    3) Teva said that it was working to identify the individual in Teva's regulatory department currently responsible for Teva's ANDA and would inform Plaintiffs as to whom that person is soon.

    4) Contrary to Teva's statement, Plaintiffs did not agree to forgo the deposition of any witnesses but, rather, Plaintiffs and Teva agreed to revisit the need for depositions of any additional Teva witnesses on a rolling basis.

    On December 19, 2013 in response to an e-mail memorializing the issues discussed and agreements reached during the meet and confer, Teva only stated that its production of communications between Teva and the FDA was complete. Not having received any further information from Teva, on January 7, 2014 Plaintiffs requested an update as to Teva's progress on the activities it agreed to do in the December 19, 2013 meet and confer.

    Despite Plaintiffs' and Teva's agreement, on January 8, 2014 shortly after 12 pm Eastern, Teva informed Purdue by telephone that Teva was "frustrated" at having to produce another witness for deposition and saw no need for a deposition of any of Teva's witnesses. Teva requested that Purdue agree to forgo depositions of Teva's witnesses. Purdue again informed Teva that the Court's December 9, 2013 Order (D.I. 628) made clear that the mere fact that a witness had been deposed before did not foreclose a further deposition. Purdue reiterated that at least one deposition was necessary in light of Teva's newly produced documents involving

4

communications to the FDA about Teva's ANDA, but, as previously agreed, Purdue would be happy to revisit the need for any other depositions after the first is taken. Purdue stated that Teva had already agreed to produce at least one witness for deposition and then asked whether Teva was now changing its position and was refusing to produce any witness for deposition so that Plaintiffs could promptly seek the Court's involvement. Teva stated that it would respond in its edits to this Joint Memorandum to the Court. Then, on January 8, 2014 at 2:15 pm Eastern, Teva e-mailed Purdue, offering to stipulate to the authenticity and admissibility of certain documents and to respond to interrogatories instead of proceeding with depositions. At 5:00 pm Eastern today, Teva served its responses and objections to Plaintiffs' 30(b)(6) notice. In that response, Teva refused to provide a witness for any of Plaintiffs' ten deposition topics.

Although Plaintiffs accept Teva's offer to stipulate to the authenticity and admissibility of the newly produced documents, Plaintiffs still believe that it requires the deposition of at least one Teva witness who can testify about the contents of one or more of the newly produced documents. If Teva continues to refuse to provide a deposition witness, Plaintiffs will request the Court's assistance to resolve the issue in a separate submission, pursuant to Local Rule 37.2.

## III.   WRITTEN DISCOVERY

All parties have served and supplemented, if necessary, responses to written discovery requests by the close of fact discovery on January 8, 2014. The parties reserve their rights to supplement responses to written discovery and contentions in accordance with Federal Rule of Civil Procedure 26(e), Local Patent Rule 9, any other applicable Rule and any order of the Court, including after the completion of depositions and document productions and during expert discovery.

## IV. DOCUMENT PRODUCTION

The parties are working to address any outstanding inquiries with respect to document production. As such, the parties are not aware of any document issues that require the attention of the Court at this time.

## V. THIRD-PARTY DISCOVERY

### A. Noramco, Inc.

On November 14, 2013, Mylan served a subpoena for documents on third-party Noramco, Inc. Noramco served responses and objections to Mylan's document subpoena on November 26, and December 11, 2013. On December 11, 2013, Mylan served a subpoena for deposition testimony on Noramco. Noramco served responses and objections to Mylan's deposition subpoena on December 17, 2013 and January 7, 2014.

On November 27, 2013, Purdue served a subpoena for documents and deposition testimony on Noramco. Noramco objected to Purdue's subpoenas on December 11, 2013.

On December 16, 2013, the parties and Noramco conducted a meet and confer concerning the outstanding subpoenas. Counsel for Purdue and counsel for Noramco have subsequently engaged in extensive correspondence concerning the scope of Noramco's discovery obligations and the timing of a response from Noramco.

On January 6, 2014, counsel for Noramco advised that he believes Noramco will substantially finish its production of any additional documents responsive to the document subpoenas served by Mylan and Purdue by January 17, 2014. Noramco's counsel further advised in light of this expectation to complete document production by January 17, that a witness on behalf of Noramco should be ready to testify at some point thereafter. Noramco's counsel did not specify the date on which Noramco would produce a witness or witnesses.

Mylan represents that the parties are endeavoring to confirm a date for such deposition as soon as possible following the completion of document production.

### B.   JOHNSON & JOHNSON

On December 3, 2013, Teva and Amneal (collectively, "co-defendants") served a subpoena for documents and deposition on third-party Johnson & Johnson, the manufacturer of Concerta®. Teva and Amneal provided notice of the subpoenas to Plaintiffs on December 10, 2013. Johnson & Johnson objected to codefendants' subpoenas on December 17, 2013. On December 20, 2013 and January 7, 2014, counsel for Teva spoke with counsel for Johnson & Johnson about the status of document production and potential alternatives to deposition testimony. Defendants and Johnson & Johnson are continuing to negotiate this discovery, which should be resolved in the near term and certainly without affecting the progression of this case.

### C.   PATRICK CICCONE

Teva and Amneal have been attempting to serve a subpoena for deposition on third-party Dr. Patrick Ciccone, the author of a letter to the editor from July 2002 concerning Concerta®, since January 3, 2014. The deposition is noticed for January 21, but we intend to work with the witness to determine a date and time that works for all parties.

## VI.   CONCLUSION

Although fact discovery is not complete, the parties are working to finalize discovery. The parties do not anticipate that any delay in fact discovery will affect the remaining pretrial schedule for all remaining actions set for trial on July 8, 2014.

Dated: January 8, 2014                            **ROPES & GRAY LLP**

                                         */s/ Robert J. Goldman*
                                            Robert J. Goldman
                                            1900 University Avenue, 6th Floor
                                            East Palo Alto, CA 94303

7

|  |  |
|---|---|
|  | (650) 617-4000<br>robert.goldman@ropesgray.com |
|  | Sona De<br>Pablo D. Hendler<br>1211 Avenue of the Americas<br>New York, NY 10036<br>(212) 596-9000<br>sona.de@ropesgray.com<br>pablo.hendler@ropesgray.com |
|  | *Attorneys for Plaintiffs/Counterclaim Defendants*<br>  *Purdue Pharma L.P.,*<br>  *The P.F. Laboratories, Inc., and*<br>  *Purdue Pharmaceuticals L.P.* |
| Dated: January 8, 2014 | **FINNEGAN, HENDERSON, FARABOW,**<br>**GARRETT & DUNNER, LLP** |
|  | */s/ Basil J. Lewris*<br>  Basil J. Lewris<br>  Joann M. Neth<br>  Jennifer H. Roscetti<br>  Erin Sommers<br>  901 New York Avenue, N.W.<br>  Washington, DC 20001<br>  (202) 408-4000<br>  bill.lewris@finnegan.com<br>  joann.neth@finnegan.com<br>  jennifer.roscetti@finnegan.com<br>  erin.sommers@finnegan.com |
|  | Anthony C. Tridico<br>**Finnegan Europe LLP**<br>16 Old Bailey, London EC4M 7EG,<br>United Kingdom<br>anthony.tridico@finnegan.com |
|  | *Of Counsel for Grünenthal GmbH* |
|  | **WILK AUSLANDER LLP**<br>  Eric LaMons<br>  Stephen D. Hoffman<br>  1515 Broadway, 43rd Floor<br>  New York, NY 10036<br>  (212) 981-2300<br>  elamons@wilkauslander.com |

8

    shoffman@wilkauslander.com

*Attorneys for Plaintiff/Counterclaim Defendant*
 *Grünenthal GmbH*

Dated: January 8, 2014            **ALSTON & BIRD LLP**

    */s/ Natalie C. Clayton*
       Thomas J. Parker
       Natalie C. Clayton
       90 Park Avenue
       New York, NY 10016-1387
       (212) 210-9529 (telephone)
       (212) 922-3975 (facsimile)
       thomas.parker@.alston.com
       natalie.clayton@alston.com


**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
    William A. Rakoczy
    Amy D. Brody
    Eric R. Hunt
    6 West Hubbard Street, Suite 500
    Chicago, IL 60654
    (312) 222-6301 (telephone)
    (312) 222-6321 (facsimile)
    wrakoczy@rmmslegal.com
    abrody@rmmslegal.com
    ehunt@rmmslegal.com

*Attorneys for Defendants/Counterclaim Plaintiffs*
 *Mylan Pharmaceuticals Inc. and*
 *Mylan Inc.*

Dated: January 8, 2014            **LUCAS & MERCANTI, LLP**

    */s/ Thomas J. Vetter*
       Thomas J. Vetter
       475 Park Avenue South, 15th Floor
       New York, NY 10016
       (212) 661-8000
       tvetter@lmiplaw.com

*Attorneys for Defendant*
 *Epic Pharma, LLC*

Dated: January 8, 2014  **BUDD LARNER, PC**

*/s/ Kenneth E. Crowell*
    Stuart D. Sender
    Kenneth E. Crowell
    150 John F. Kennedy Parkway
    Short Hills, NJ 07078-2703
    (973) 379-4800
    ssender@buddlarner.com
    kcrowell@buddlarner.com

*Attorneys for Defendant/Counterclaim Plaintiff*
 *Amneal Pharmaceuticals, LLC*

Dated: January 8, 2014  **GOODWIN PROCTER, LLP**

*/s/ Todd S. Werner*
    David M. Hashmall
    The New York Times Building
    620 Eighth Avenue
    New York, NY 10018-1405
    (202) 813-8800
    dhashmall@goodwinprocter.com

**CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN**
    Mark D. Schuman (*pro hac vice*)
    Todd S. Werner (*pro hac vice*)
    Jennell C. Bilek (*pro hac vice*)
    225 South Sixth Street, Suite 4200
    Minneapolis, MN 55402
    (612) 436-9600
    mschuman@carlsoncaspers.com
    twerner@carlsoncaspers.com
    jbilek@carlsoncaspers.com

*Attorneys for Defendant and Counterclaim Plaintiff*
 *Teva Pharmaceuticals USA, Inc.*