USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re: OXYCONTIN ANTITRUST LITIGATION

04-Md-1603 (SHS)

---

PURDUE PHARMA L.P.,
THE P.F. LABORATORIES, INC., and
PURDUE PHARMACEUTICALS L.P.,

               Plaintiffs,

-against-

AMNEAL PHARMACEUTICALS, LLC,

               Defendant.

13-Cv-3372 (SHS)

---

PURDUE PHARMA L.P.,
THE P.F. LABORATORIES, INC.,
PURDUE PHARMACEUTICALS L.P., and
GRÜNENTHAL GMBH,

               Plaintiffs,

-against-

TEVA PHARMACEUTICALS USA, INC.,

               Defendant.

13-Cv-4606 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Plaintiffs have moved *in limine* to preclude defendant Teva from "supplementing its expert reports to offer any expert testimony regarding the validity of the asserted claims" of the '060 Patent "using a claim construction that requires the 'viscosity-increasing agent (b) to be a different ingredient than the 'synthetic or natural polymer (C)' of claim 1." (Pls.' Mem. of Law in Supp. of Mot. in Limine ("Pls.' Mem.") 1.) That motion is denied.

Fed. R. Civ. P. 37(c)(1) states that a party that fails to provide information pursuant to Rules 26(a) or 26(e) "is not allowed to use that

information . . . at a trial, unless the failure was substantially justified or is harmless." Although plaintiffs argue that supplementation of Teva's expert reports would result in the introduction of "brand new" opinions at trial (Pls.' Mem. 6), plaintiffs overlook the facts that (1) Teva disclosed its expert opinions on the validity of the '060 Patent within the period designated for expert discovery and (2) those opinions did not depend on the outcome of the Court's construction of the '060 Patent's claims. For example, the opening report of Dr. Maurin, Teva's expert, opined that the '060 Patent was invalid as obvious because prior art references disclosed the use of gelling and thickening agents to deter abuse. (Ex. A to Pinahs Decl. ¶¶ 124–45, 214, 219, 221.) At least one of the references that Dr. Maurin cited did not limit its disclosure of gelling agents to PEO. (Ex. A to Pinahs Decl. ¶ 129; *see also* Ex. B to Pinahs Decl. ¶ 99.) Plaintiffs therefore had notice of the opinions Teva planned to introduce at trial regarding the validity *vel non* of the '060 Patent pursuant to the claim construction the Court eventually adopted.

Moreover, the supplemental report submitted by Dr. Maurin on June 21 does not express any new opinions. Rather, it responds to opinions contained in Dr. Davies's June 13 supplemental report and reiterates Dr. Maurin's opinion, first discussed in his opening report, that the use of gelling agents to prevent drug abuse would have been obvious. (Ex. G to Pinahs Decl. at ¶¶ 9–10, 13.) Dr. Maurin's supplemental report therefore fits well within the scope of his opening report.

Consequently, plaintiffs will suffer no harm from the introduction of expert testimony on the invalidity of the '060 Patent using the construction the Court adopted because that testimony will be based on information plaintiffs received during expert discovery.

The trial will commence on July 14, 2014 at 10 a.m., as previously scheduled.

Dated: New York, New York
      July 11, 2014

SO ORDERED:

Sidney H. Stein, U.S.D.J.